THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, PABLO JUAN Y TORO, JUDGE, Respondent.

No. 2372.   Submitted May 7, 1959.—Decided January 26, 1961.

*J. B. Fernández Badillo, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice, Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court, respectively,* for the People.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On September 27, 1956 an indictment against Gumersindo Castellano Arroyo was filed in the District Court of

the United States for the District of Puerto Rico, charging the accused with having fraudulently received and concealed, facilitating its transportation and concealment, certain amount of morphine hydrochloride, commonly known as heroin, in a way contrary to the law, thus violating § 174 of title 21 of the United States Code, which provides that:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000."

The hearing of this indictment was held on March 26, 1957 and the accused was declared guilty that same day.

On March 27, 1957, another information was filed against the same Gumersindo Castellano Arroyo, in the Superior Court of Puerto Rico, San Juan Part, stating that while the said accused was working as Hospital Aide in the District Jail of San Juan, he introduced and caused to circulate in the said penal institution a certain amount of morphine, giving it to Richard Cabassa, a prisoner confined to the said District Jail, thus violating § 155 of the Penal Code of Puerto Rico, as amended by Act No. 147 of April 26, 1951, 33 L.P.R.A. § 512, which provides that:

"Every person who, in violation of the law, sells or helps to sell or circulate, or who attempts to introduce, sell, or circulate, or who introduces, sells or circulates, drugs, narcotics or stupefacients . . . to a prisoner in a penal institution, prison or jail in Puerto Rico, or in the premises thereof, shall be guilty

of a felony and shall, upon conviction be punished by a maximum fine of ten thousand (10,000) dollars or by imprisonment for a term of not less than one (1) nor more than ten (10) years. or by both penalties, in the discretion of the court."

In answer to this second information, the accused moved that the case be dismissed for the following reasons: (1) because the accused had been arrested on August 25, 1956 and the information against him was not filed until March 27, 1957, beyond the term of sixty days provided for the filing of said information by § 448 of the Code of Criminal Procedure of Puerto Rico; (2) because defendant, having been accused by the Federal Grand Jury of the crime described above and declared guilty on March 26, 1957, and the facts involved in both indictments being the same, the information filed in the Superior Court of Puerto Rico exposed him to a double jeopardy in violation of his constitutional rights. The Court of San Juan ordered the dismissal of the second information, although it did not state the reasons for its resolution.

█ It appears from the original record transmitted to us after the issuance of the writ of certiorari that the bench warrant was issued by the Superior Court of Puerto Rico on March 27, 1957, that is, on the same date in which the indictment was filed, the day after the accused was declared guilty by the federal court. From the transcript of the hearing of the accused's petition for the dismissal of the information, it cannot be concluded with certainty whether the alleged former arrest took place to guarantee defendant's appearance to answer for the violation of § 174 of title 21 of the United States Code or to answer for the violation of § 155 of the Penal Code of Puerto Rico as amended. This being so, there is no reason for considering the first ground. *People* v. *Super. Court; Figueroa, Int.*, 81 P.R.R. 445, 454 *et seq.* (Serrano Geyls, 1959); *Martínez* v. *Superior Court*, 81 P.R.R. 913, 924 (Santana Becerra, 1960).

48

■ To decide the second ground, we adopted the safest position, that which authorizes the double prosecution under the same statute but on different counts. The case law is clear in the sense that if there are two different sets of facts, although punishable under the same statute, the second prosecution on a different count from the first one does not constitute double jeopardy. Dealing as we are in this case with two counts under the crime of traffic and sale of drugs, it is clear that if the first prosecution only covered the illegal introduction and concealment of the drug, forbidden by § 174 of title 21 of the United States Code, and the second only covered the introduction of the drug into a prison in Puerto Rico, forbidden by § 155 of the Penal Code of Puerto Rico, as amended, there are two different crimes, and any subsequent prosecution for the second act does not constitute former jeopardy. *Gore* v. *United States*, 357 U.S. 386, 392–93. (Frankfurter, 1958), 2 L. Ed. 1405, 1410; *Blockburger* v. *United States*, 284 U.S. 299, 303 (Sutherland, 1932), 76 L. Ed. 306, 309.

The *Blockburger* case held that one act may constitute a violation of two provisions of a single statute, and if each provision requires proof of an additional fact, not required in the other one—sale to a prisoner, for example—a conviction or acquittal under either statutory provision does not bar the prosecution and conviction under the other one.

This being so, we do not have to consider now the issue of the present political relationship between Puerto Rico and the United States: *Bartkus* v. *Illinois*, 359 U.S. 121, 132, 138 (Frankfurter, 1959), 3 L. Ed. 684, 691–95.

The order granting the dismissal of the case is hereby reversed and the case remanded for further proceedings not inconsistent with this opinion.